IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $9,287.00 U.S. CURRENCY SEIZED ON | ) | |
| SEPTEMBER 28, 2018, BY HOMELAND | ) | |
| SECURITY INVESTIGATIONS, | ) | |
| | ) | |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United

States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S.

Attorney, and files this Complaint in Forfeiture, respectfully alleging as follows in accordance

with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**JURISDICTION AND INTRODUCTION**

1.      This Court has subject matter jurisdiction over an action commenced by the

United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C.

Section 1355(a).  This Court also has jurisdiction over this particular action under 21 U.S.C.

Section 881(a)(6).

2.      This Court has *in rem* jurisdiction over the defendant currency: (i) pursuant to 28

U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district;

and, (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395,

because the action accrued in this district. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which U.S. Customs and Border Protection will execute upon the defendant currency. *See*, Supplemental Rules G(3)(b) and G(3)(c).

3.     Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4.     On September 28, 2018, the defendant $9,287.00 U.S. Currency was seized from Ceaira Bost at the Cleveland Hopkins International Airport. The seizure was made pursuant to a Homeland Security Investigations (HSI) / Cleveland Police Department (CPD) investigation. The defendant currency is now in the custody of the federal government.

5.     Subsequent to the seizure, U.S. Customs and Border Protection (CBP) commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was submitted by Ceaira Bost in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6.     The defendant $9,287.00 U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

## FORFEITURE

7.     On September 28, 2018, at approximately 5:00 p.m., Ceaira Bost arrived at Cleveland Hopkins International Airport with her travel companion Tymarejrye ("Ty") Hall for a Spirit Airlines flight with a final destination of Los Angeles, California and they walked to the

Transportation Security Administration (TSA) at the area designated as security checkpoint "A" for administrative screening.

8.     Bost and Hall conversed at the security checkpoint area, then entered different lines at security checkpoint "A." Hall cleared through the security screening area; however, Hall was stopped in an area beyond the screening area and approximately $7,800.00 in U. S. currency which had a strong odor of raw marijuana, was seized from his duffel bag by law enforcement.[1]

9.     Although Bost cleared through initial screening on September 28, 2018, Bost was referred for additional screening because of insufficient identification. During additional screening, a quantity of rubber-banded United States currency was found inside Bost's carry-on bag and purse.

10.    After additional screening, Bost left the security checkpoint and boarded her Spirit Airlines flight but disembarked after law enforcement boarded the plane and asked her to do so.

11.    After Bost disembarked, law enforcement officers asked her how much money she was carrying and to whom it belonged and she replied she was carrying approximately $9,000,00 U.S. dollars and the money belonged to her.

---

[1] On August 30, 2018, Tymarejrye Hall was indicted in Case No. CR-18-631236-B in the Cuyahoga County Court of Common Pleas and charged with felony drug trafficking which stemmed from Hall's role in coordinating a bulk shipment of marijuana from Los Angeles, California to Cleveland, Ohio via commercial air travel in June 2018 at Cleveland Hopkins Airport. On January 29, 2019, Hall pleaded guilty to a felony offense of Trafficking in Marijuana and agreed to forfeit the $7,800.00 in U.S. currency seized from his duffel bag at the airport on September 28, 2018.

rubber band and the currency also had an odor of raw marijuana.  Currency packaged in this

manner with an odor of marijuana is consistent with illegal drug activity.

13.    $9,287.00 in U.S. currency was seized from Bost's carry-on bag and purse, then

Bost reboarded her Spirit Airlines flight for Los Angeles.

14.    Prior to the flight from Cleveland to Los Angeles, on September 26, 2018, Bost

posted the following on her Twitter account: "Dm me for a dankwood" ("Dm" on Twitter means

"Direct message" and "dankwood" is understood to mean marijuana filled cigars) together with

the below photograph of Bost smoking a cigar-size object:



15.     In addition, prior to their trip to Los Angeles on September 28, 2018, Bost posted

the below photograph of Hall on her Twitter account:



16.     The U.S. currency found in Bost's carry-on bag and purse was seized as illegal narcotics proceeds. The total amount of U.S. currency seized was $9,287.00. This $9,287.00 is the defendant currency in the instant case.

17.     The breakdown of the defendant $9,287.00 is as follows: 33 ($100) bills, 7 ($50) bills, 252 ($20) bills, 23 ($10) bills, 22 ($5) bills and 257 ($1) bills.

## CONCLUSION

18.     By reason of the foregoing, the defendant $9,287.00 U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

Justin E. Herdman
United States Attorney
Northern District of Ohio

By:     Henry F. DeBagis (OH: 0007561)
Assistant United States Attorney
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3749 / Fax: 216.522.7499
Henry.DeBaggis@usdoj.gov

6

**VERIFICATION**

STATE OF OHIO        )
                              ) SS.
COUNTY OF CUYAHOGA  )

I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney

Sworn to and subscribed in my presence this 15th day of March, 2019.

_____
Notary Public

DIANE SCHNEIDER
NOTARY PUBLIC
STATE OF OHIO
COMM. EXPIRES
3-9-2022
RECORDED IN
CUYAHOGA COUNTY

7
